*14 The opinion of the court was delivered by
Gibson, J.
This suit was originally brought by Henry Christ-man against hi? brother, Isaac Christman, who was the executor of Frederick Fritz, their sister’s husband; and this sister, on the death of Henry, has become the plaintiff in the action, as his executrix, and, as such, prosecutes it apparently against her own interest. The real defendants are the collateral heirs of Fritz, who are interested in respect of the land. It is possible, therefore, that the suit may have been instituted for the benefit of the widow of Fritz, and that the recovery before the arbitrators may have been by collusion. While the matter was pending before the arbitrators, these heirs of Fritz obtained leave of the court to suggest their interest on the record, and to take defence in the action in the name of the executor; and this is the first error which has been assigned.
By the English common law, when the heir is bound for the debt of his ancestor, the action lies directly against him, and not against the executor, who has nothing to do with the land, which is assets only in the hands of the heir. In Pennsylvania, lands being, in all cases, assets for the payment of debts, only the executor can be sued, and the land may be sold on a judgment against him in the hands of the heirs. That this is contrary to the plainest principles of natural justice, must strike the senses of the most superficial ’observer. The executor necessarily has no interest in setting up a defence beyond what may serve for his personal protection, which requires nothing more than to show that he has fully administered the personal estate; and when he has shown this without more, the plaintiff may still have execution of the lands in the hands of the heirs. As it is not necessary to his safety to resist the demand on its merits, collusion with the plaintiff may, and frequently does, take place. A judgment against the executor for a pretended debt, is often made an instrument to divest infants of their land, and to deprive them of the shield with which the common law has covered them. This, no doubt, is always done with a view to the advantage of the infant; but the money for which the land has been sold is, for the most part, wasted by an improvident application of it to the infant’s maintenance and education, or lost by the insolvency of those who have had the handling of it; so that the infant, on coming of age, finds himself pennyless. ' Why, then, should not the heirs, who are often the only parties in interest, be allowed to appear and set up a defence to the demand on original grounds? It seems to me not only that they ought to be heard when they do appear, but that their land ought not to be affected by any proceeding to which they were not made parties by a notice to come in and plead either collaterally or in the name of the executor. The latter, however, as the law is now settled, can be effected only by legislative provision, the want *15 of which we may lament, but cannot supply. But the most obvious principles of justice and policy require that where the heirs do interpose, their right to defend in the name of the executor should be liberally sustained. The owner of a bond by an equitable assignment, is not the legal plaintiff in a suit on it; yet he is permitted to conduct the suit, and the legal party, who is a mere trustee, would he restrained from doing any act to his prejudice. By introducing the same relation between the heirs and the personal representatives of a decedent, the defence is not taken out of the hands of the latter: they may urge any defence of which they might avail themselves separately; and to this the interposition of other parties in interest, presents no impediment. Nothing more was done here. The executor was left to defend his own interest as he thought proper, and was precluded from prejudicing the interests of others by making no defence at all. The plea was entered in the name of the executor, and was sufficiently comprehensive for a full defence on the merits; and if he had wished to add any other plea, which disaffirmed the admission of assets arising from a plea to the merits, it would have been accorded to him. He was, however, content to go to trial without such additional plea, and was actually discharged by the verdict; and how this can be assigned for error by the plaintiff, who certainly was not prejudiced -by it, I know not. There is no force in the objection, that the interest of the heirs was suggested on the record when the cause was before arbitrators, and, consequently, when it was removed from the jurisdiction of the court. The entry was, in strictness, no part of the record, but only a memorandum, like the marking of an action for the use of a third person, to disclose an equitable title in the heirs, to have an appeal in the name of the executor, as soon as the award should be filed with the prothonotary.
It is contended, that the heirs had no right to appeal, and that there is no evidence, but the paper filed by Peter Fritz, that they-ever demanded an appeal; but it is conceded, that where an appeal has been improperly denied, the court may direct it to be entered nunc pro tunc, after the expiration of the twenty days allowed by law. What has been said in respect of the first error assigned, is also applicable to this. For all the purposes of taking and prosecuting an appeal, Peter Fritz had a right, either in his own behalf or that of the other heirs, to avail himself, not only of the name, but of the character and privileges of the executor; and, that he did so, the paper filed by him at the time was ample evidence.
The third, fourth, and fifth errors are not supported in point of fact.
It appears that after the appeal was entered, Isaac Christman, the defendant, surrendered his office of executor to Evan Evans, who took out letters of administration de bonis non, with the will annexed, and,was substituted as the defendant in the cause: and *16 this is assigned as the sixth error. By the third section of the act of the 4th of LLpril, 1797, an executor or admistrator who has settled his account as far as he has administered, may, with the leave of the Orphans or Register’s Court, be dismissed from his office and surrender the residue of the estate in his hands to the person who shall be appointed to succeed him. Whether such surrender and dismission could be pleaded to an action, which had been instituted against the executor before his dismission, particularly if he had by a former plea admitted assets to be in his hands, or whether the plaintiff might be compelled to have his successor substituted as defendant in his stead, are questions which it is at present unnecessary to decide. I know of no act of assembly which authorizes such substitution, but it .cannot be doubted that it might take place by the agreement of the parties. How did it take place here? The entry on the record is, — “ The renunciation and dis-mission of Isaac Christman, as executor of the last will and testament of Frederick Fritz, deceased, suggested, and Evan Evans, administrator de bonis non of the said Frederick Fritz, with the will annexed substituted.” Now this does not necessarily import, that the substitution was by order of the court. Under the act of the 13th of tdpril, 1791, the practice has been to suggest the death of the party, and where the executors or administrators wished to become party, to have their names entered on the record without the judgment of the court; and in analogy to the practice under that act, there is no doubt that the same course was pursued here. If, then, the plaintiff was dissatisfied with the substitution, it was his proper course to apply to the court to have the name of Evan Evans stricken off; and his not having done so amounts to an acquiescence. Before there can be error, it should appear the court compelled him to accept of Mr. Evans as a party; but there is nothing in this record to show, that he did not proceed to trial with the present defendant voluntarily; and having taken his chance for a verdict, it is too late to say there was a mistrial.
Judgment affirmed»